O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4407 AHM (RZx)<br>CV 08-7004 AHM (RZx)*<br>CV 08-7278 AHM (RZx) | Date | July 12, 2010 |
|---|---|---|---|
| Title | Jorge Jaime v. Standard Parking Corporation, *et al* (CV08-4407)<br>Victor Gonzalez v. Standard Parking Corporation, *et al* (CV08-7004)<br>Aguirre v. Standard Parking Corporation, *et al* (CV08-7278) | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

The parties, Plaintiffs Jorge Jaime, Victor Gonzalez and Luis A. Aguirre and Defendant Standard Parking Corporation jointly move for an order (1) granting preliminary approval of their class action settlement; (2) conditionally certifying the proposed Settlement Class for settlement purposes only; (3) granting Plaintiffs leave to file an amended complaint to assert a claim for unpaid wages under the FLSA (as set forth in ¶ 1.1 of the Settlement Agreement); (4) conditionally designating the action as a class action under the California Labor Code; (5) appointing Plaintiffs as the class representatives for the Settlement Class; (6) appointing Plaintiffs' counsel as Class Counsel; (7) approving the mailing of the proposed Class Notice and Claim Form; (8) appoints Simpluris, Inc. as the Settlement Administrator; and (9) scheduling a final approval hearing for December 17, 2010.

The Court has carefully reviewed the parties' motion, Settlement Agreement, and accompanying documents. Because the Court does not believe that the settlement and claim procedures are fair and reasonable unless certain changes are made, it DENIES the motion without prejudice.[1]  This Order provides the parties with a list of at least some of the changes that need to be made in the renewed motion for certification.

---

[1] Docket No. 53.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4407 AHM (RZx)<br>CV 08-7004 AHM (RZx)*<br>CV 08-7278 AHM (RZx) | Date | July 12, 2010 |
|---|---|---|---|
| Title | Jorge Jaime v. Standard Parking Corporation, *et al* (CV08-4407)<br>Victor Gonzalez v. Standard Parking Corporation, *et al* (CV08-7004)<br>Aguirre v. Standard Parking Corporation, *et al* (CV08-7278) | | |

## I.   FACTS

This class action is a consolidation of three putative class actions. The first was filed on April 14, 2008 by Plaintiff Jorge Jaime; the second was filed on September 18, 2008 by Plaintiff Victor Gonzalez; the third was filed on September 29, 2008 by Plaintiff Luis Aguierre. All three were filed in state court and removed here by Standard. On December 29, 2008, this Court, on its own motion, consolidated the three actions. On March 16, 2009 Plaintiff filed a Consolidated Amended Complaint ("CAC"). On February 17, 2009, the Court approved all three firms as Co-Lead Class Counsel.

Plaintiffs worked for Standard as cashiers, valets, and/or parking attendants. Defendant Standard is headquartered in Chicago and provides parking services at over 780 locations in California, including buildings, airports, hotels and sports stadiums.

The CAC alleges a wide-ranging potpourri of claims for (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to pay overtime; (4) failure to pay wages to discharged or quitting employees; (5) failure to pay minimum wages; (6) failure to maintain required records; (7) civil penalties (Lab. Code § 2699); and (8) unfair business practices.

## II.   DISCUSSION

The Court has concerns about the fairness and clarity of the settlement. Below the Court outlines the changes that the parties must make before the Court will consider granting preliminary approval of the settlement.

### A.   Class Definition

- The class definition is overly broad and imprecise. The parties seek certification of the following two settlement classes pursuant to Fed. R. Civ.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4407 AHM (RZx)<br>CV 08-7004 AHM (RZx)*<br>CV 08-7278 AHM (RZx) | Date | July 12, 2010 |
|---|---|---|---|
| Title | Jorge Jaime v. Standard Parking Corporation, *et al* (CV08-4407)<br>Victor Gonzalez v. Standard Parking Corporation, *et al* (CV08-7004)<br>Aguirre v. Standard Parking Corporation, *et al* (CV08-7278) | | |

P. 23:

1.  <u>Former</u> <u>Employee</u> <u>Class</u>: All persons employed in California by Standard Parking Corporation at any time, in any position, during the period from April 14, 2004 through December 28, 2009, whose employment terminated on or before December 28, 2009.

2.  <u>Current</u> <u>Employee</u> <u>Class</u>: All persons employed in California by Standard Parking Corporation at any time during the period from April 14, 2004 through December 28, 2009 as a valet, attendant, cashier, or in a similar position whose duties involve[d] the parking/retrieval of cars or collection of parking fees, and who are currently employed by Standard Parking Corporation, or whose employment ended after December 28, 2009.

Mot. at 12; Exh. 9 at 2.1-2.2.

The "Former Employee Class" covers "all persons" employed by Standard "in any position," yet the named Plaintiffs do not purport to represent all employees, nor is the relief which Plaintiffs seek in the FAC available to employees in "any position." "All employees" would include the President, CEO, regional manager(s), in-house "General Counsel" and a host of other individuals not entitled to at least some of the relief specified in the CAC. Additionally, the "Current Employee Class" must define more precisely who would be in a "similar position" to a valet, attendant, or cashier.

**B.   <u>Bases</u> <u>for</u> <u>Settlement</u>**

- Neither the parties' motion nor the Settlement Agreement explains what, exactly, the settlement amount is for and how it is broken down (*i.e.*, is it for

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4407 AHM (RZx)<br>CV 08-7004 AHM (RZx)*<br>CV 08-7278 AHM (RZx) | Date | July 12, 2010 |
|---|---|---|---|
| Title | Jorge Jaime v. Standard Parking Corporation, *et al* (CV08-4407)<br>Victor Gonzalez v. Standard Parking Corporation, *et al* (CV08-7004)<br>Aguirre v. Standard Parking Corporation, *et al* (CV08-7278) | | |

unpaid overtime, meal and rest breaks, civil penalties?).

### C. Settlement Amount and Distribution

- The Settlement does not take into account the different amounts of time that each class member worked; instead, it provides a lump sum to each class member. Thus, someone who was employed by Standard for a week would be entitled to the same amount as someone who was employed by Standard for three years. This raises fairness questions that the parties have not addressed.

- On pages eight and nine of their Motion, the parties set forth the percentage of the settlement that will be subject to withholding. Is the total amount that the parties estimate each class member will receive (*i.e.* $441.00 for former employees and $354.00 for current employees) before or after withholding? The parties must inform class members precisely how much they can expect to receive.

- Is there a minimum amount that the class members will receive? If not, why not?

- The attorneys' fees are set at $1.1 million, which is 26.2% of the Maximum Settlement Amount of $4.2 million. However, it appears likely that the maximum amount that Standard will pay will be far less than $4.2 million. A more reasonable way to assess attorneys' fees is to provide that the attorneys will receive not more than 25% of the total amount paid by Standard. If the parties believe this is unfair, they may (and should) further brief why they believe a higher fee award is appropriate. To the extent they believe that their proposed fee award can be justified under the lodestar

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4407 AHM (RZx)<br>CV 08-7004 AHM (RZx)*<br>CV 08-7278 AHM (RZx) | Date | July 12, 2010 |
|---|---|---|---|
| Title | Jorge Jaime v. Standard Parking Corporation, *et al* (CV08-4407)<br>Victor Gonzalez v. Standard Parking Corporation, *et al* (CV08-7004)<br>Aguirre v. Standard Parking Corporation, *et al* (CV08-7278) | | |

method (*see, e.g.*, Matern Decl. ¶ 38), they should provide evidence in support.

### D.    FLSA Claims

- The parties have not provided the Court with a copy of their proposed Second Amended Complaint that they seek leave to file, nor have they explained why it is appropriate to add FLSA claims when the action originally contained no FLSA claims. How can a settlement have been reached in their absence? How can any Court certify a class when a claim that would encompass the class (even if not properly part of the class action) has not been prosecuted?

- The parties have not explained how the FLSA opt-in procedures will work. The Court's reading of the Settlement is that class members who file a claim form will automatically be opting into the FLSA Settlement. Class members who do not file a claim form or opt-out of the settlement will not be opting into the FLSA Settlement, but will also not be releasing any FLSA claims. *See* Settlement Agreement § 8.1. Is this accurate? If so, it needs to be made clearer to the class members.

### E.    Releases

- The Class Member Release (Settlement Agreement § 8.1) appears to be broader than the claims asserted in the lawsuit. Specifically, the Release states that Standard is released from all claims arising under ERISA and claims for failure to reimburse expenses required under California Labor Code Section 2802. These claims were not asserted in the FAC, and accordingly, it is unacceptable for the settlement to release those claims.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-4407 AHM (RZx)<br>CV 08-7004 AHM (RZx)*<br>CV 08-7278 AHM (RZx) | Date | July 12, 2010 |
|---|---|---|---|
| Title | Jorge Jaime v. Standard Parking Corporation, *et al* (CV08-4407)<br>Victor Gonzalez v. Standard Parking Corporation, *et al* (CV08-7004)<br>Aguirre v. Standard Parking Corporation, *et al* (CV08-7278) | | |

- The Release must specifically inform class members that they are releasing claims for unpaid meal and rest breaks.

### F.   Class Notice (Exh. 3), Claim Form (Exh. 1), and Opt-Out Form (Exh. 2)

- The amount of recovery that class members will be entitled to must be included in the Class Notice and Claim Form (currently the amounts are left blank) and must be made clearer. Specifically, the parties must inform class members (1) the maximum amount they can expect to receive after withholding, and (2) the minimum amount they can expect to receive after withholding.

- The parties state that Class Notice and Claim/Opt-Out Form(s) will be provided in both English and Spanish. (Mot. at 23.) The parties must provide the Court with a copy of the Spanish version of these documents, accompanied by a declaration from a Court-certified interpreter that the Spanish versions are an accurate translation of the English versions.

- It is unclear what portions of the Claim Form will be filled in by the Administrator and which portions will be left blank for the claimant to fill in. To clarify this for the Court, the parties are instructed to provide a copy of a sample claim form as it would be mailed to a claimant.

- The ten-page Class Notice makes numerous references to technical terms and acronyms, such as MSA, PAGA, MRA, and LWDA. The parties must provide a glossary of terms used in the Class Notice to aid the reader.

- On page four of the Class Notice, in the second paragraph, the parties should

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4407 AHM (RZx)<br>CV 08-7004 AHM (RZx)*<br>CV 08-7278 AHM (RZx) | Date | July 12, 2010 |
|---|---|---|---|
| Title | Jorge Jaime v. Standard Parking Corporation, *et al* (CV08-4407)<br>Victor Gonzalez v. Standard Parking Corporation, *et al* (CV08-7004)<br>Aguirre v. Standard Parking Corporation, *et al* (CV08-7278) | | |

remove the phrase ". . . anyone employed by Standard Parking in either of . . ." so that the paragraph will read "The Settlement of the Lawsuits has been given preliminary approval by the Court. The Settlement Class consists of the following two groups:"

- On page four of the Class Notice, in the last paragraph, the parties should specify where the forms referenced (Claim form and Request for Exclusion Form) are attached (*i.e.*, by stating they are attached as Exhibits A and B to the Class Notice).

- Page six of the Class Notice contains a paragraph entitled "Calculations Based on Standard Parking's Records." The settlement provides a lump sum payment (not tied to hours or position) to all class members. Thus, it is unclear to which calculations this paragraph is referring.

- The Class Notice (at page seven, Part VIII) and Opt-Out form state that class members have a right to opt-out (in which event they will not receive any payment), but they do not tell class members of their right to pursue an individual claim against Standard. These documents should be changed to include this information.

- The Class Notice, at page eight, states that objections must be filed with the Clerk of the Court, and that if parties want to make an appearance at the final approval hearing they must file an appearance with the Clerk of the Court. The parties do not provide the address for the Clerk of the Court where such objections can be mailed, and must do so in their revised Class Notice. A written appearance will not be necessary. The Class Notice need merely state that unless a written objection is properly filed, a putative objector will not be allowed to be heard at the hearing.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4407 AHM (RZx)<br>CV 08-7004 AHM (RZx)*<br>CV 08-7278 AHM (RZx) | Date | July 12, 2010 |
|---|---|---|---|
| Title | Jorge Jaime v. Standard Parking Corporation, *et al* (CV08-4407)<br>Victor Gonzalez v. Standard Parking Corporation, *et al* (CV08-7004)<br>Aguirre v. Standard Parking Corporation, *et al* (CV08-7278) | | |

- Page eight of the Class Notice states that "any objections to approval of the Settlement must be filed with the Clerk of the Court and served upon each of the above listed attorneys . . ." This must be changed to "any objections to approval of the Settlement must be sent to the Clerk of the Court and provided to at least one of the attorneys listed above . . ."

## III.  CONCLUSION

The motion for preliminary approval is DENIED without prejudice. Plaintiffs are granted leave to file the Second Amended Complaint to add a claim under the FLSA. Any renewed motion to certify the class for settlement purposes must be filed by not later than September 7, 2010.

|  | : |
|---|---|
| Initials of Preparer | SMO |